Good morning, may it please the Court. Harini Raghupathy, Federal Defenders of San Diego for the Appellant, Mr. Guillermo Garcia-Ocampo. Mr. Garcia's sentence must be vacated and the case remanded for resentencing. Because as the government concedes, the District Court openly relied on the economic impact of prosecuting and imprisoning Mr. Garcia in determining the length of his sentence. This was error under United States v. Tapia Romero. In Tapia Romero, this Court held that, quote, the plain language of Section 3553A in the overall legislative scheme make it clear that Congress has not made the cost to society of a defendant's imprisonment a factor the sentencing judge should consider under Section 3553A. Who brought money up during the argument? Defense counsel brought up the issue of the cost of imprisonment, but there was another cost that the District Court considered, which was the cost of prosecution. The Court already indicated before the defense counsel raised the cost issue what the Court's inclination was? The Court inclined... They made it pretty clear, didn't they? They thought deterrence was going to require stiffening the sentence. Yes, the Court did indicate that it was going to vary upward from the high end of the guidelines range. I think what Your Honor is getting at is whether the error is harmless. Here, I don't think the error was harmless. One, most importantly, the government has never argued that the error is harmless, and therefore, under this Court's case law, it has weighed the issue of harmlessness. But even absent waiver here, the District Court relied on cost as one of two factors leading to the sentence. Deterrence and protecting the public were the only two factors the Court provided. But you're surmising that when he said protecting the public later on, he was referring back to the cost issue, which a couple times he mentioned it. He said, you know, this doesn't worth much, but it's minor, it's nothing much. And when he said protecting the public, it seemed to me he was talking about essentially the deterrence. Or put another way, protecting the public from this guy and what he did, and having him come back again. But there was nothing specific where he was referring back to the cost issue. Well, under that interpretation, there would still be reversible procedural error here, because the District Court imposed a sentence above the guidelines range. And so under Carty and Rita and Gall, the Court must not only explain its decision to deviate from the guidelines, but the extent of the deviation. So in this case … You made it pretty clear. The Court finds a substantial increase in the last sentence is appropriate here, given that we haven't gotten his attention. Well, but if the Court is relying on a need to protect the public from Mr. Garcia, but isn't specifying why there's the need to protect, that's error. What need to protect? I mean, the man has committed how many offenses? I mean, the discussion started up with this is his fifth felony. He's come back. He's been deported. He's come back. He's been sentenced. He's been deported. He's come back. The point is, the defendant continues to offend. What's the mystery there? I mean, I guess I'm not sure what it is that we're uncertain about as to what the Court was relying upon. Well, I think, Your Honor, that goes to the deterrence rationale, which was separate from the need to protect the public. But deterrence is what he was talking about. He talked about it at the beginning. He talked about it in the sentence I just read. He did refer to protect the public, but it seemed pretty clearly in the context of responding to what defense counsel's argument was. Well, I think in this case we have one of two possibilities. One, deterrence obviously was a primary rationale for the district court sentence. But the Court also mentioned protecting the public. And either in considering protecting the public, the Court relied openly on impermissible factors under Tapia Romero, or alternatively the Court believed there was a need to protect the public besides costs but didn't state that reasoning on the record. And here, when the Court varied above the guidelines range, simply making a blanket reference to protecting the public without providing any further reasoning is insufficient to explain the deviation. Tapia, I found this a little confusing because Tapia referred to consideration of the costs in determining whether a shorter sentence would make sense because obviously there would be cost savings. I don't understand how considering costs and imposing a longer sentence, how that relates. And I also didn't see anything in Tapia about the costs of prosecution and saying that that was a problem. So could you address those two points? Certainly. Tapia Romero did occur in the context of defense counsel asking for a lower sentence, but the Court in its holding explained that the costs of imprisonment were an impermissible factor in determining the length of imprisonment at all. The Court said it's a factor a sentencing judge should not consider in determining the appropriate term of imprisonment, whether that's to lengthen or to shorten the prison. How does that affect lengthening, though? That doesn't make any sense to me at all. Well, I think the rationale So they're protecting the public by costing more, by sentencing somebody for longer? I don't understand that. Well, I think the rationale in Tapia Romero was that Congress did not provide for the cost of No, but the rationale here, I mean, it seemed to me that what the judge was really saying was just more another way of saying the deterrence. He was saying essentially we don't want him coming back another time. And one of the reasons we don't want him coming back another time is that if he comes back another time, then we're going to have to prosecute him again and then we're going to have to put him in prison again. And that's really a different problem from the cost of this prosecution and incarceration because as Judge Acuda says, it wouldn't make any sense to give him longer time because of the cost. He was not talking about this incarceration. It was just reiterating this deterrence issue, wasn't he? That's not what, Your Honor, I mean, that's not what Judge Burns indicated on the record. He explained that every time Mr. Garcia came into the U.S., he costed the government money. Exactly. And therefore, we don't want him coming in again after this one. Well, I think even under that rationale, cost is not a factor in Section 3553A, cost of imprisonment, and the Court made that clear in Tapia Romero. And similarly, the cost of prosecution is not listed in Section 3553A. I'd like to move to the second issue, if that's all right with the Court, which is that even when the District Court relied on protecting the public, it used two different descriptors to describe its reliance. One was the cost of prosecution was a minor point, and then two pages later that it was salient. Well, salient in common language means it's relevant, it's pertinent to something. It doesn't mean it's important. I understand you quoted the dictionary, but we don't all read the dictionary when we say something. And if I were to say salient, I would just mean it has something to do with it. Well, I think that by using those two terms, though, it's unclear what weight the District Court accorded the protecting the public factor. It said minor weight. Well, but he also said salient, and there are contradictory terms. Tell me why they're contradictory. Well, because minor means that something is an accorded significant weight, but salient was he cited salient that the protecting the public was a salient factor, so it was a significant factor. That's what you're saying he meant, but what makes you think that's what he meant? Well, because when counsel objected, he said, I don't think the Court has specifically indicated what 3553A factors led to its analysis. And it was the context of that objection that the District Court then said, well, I cited the factors that I think were salient. So I think in the context of that colloquy, the District Court was indicating what it thought were the significant factors in its analysis. If the Court has no further questions, I'd like to reserve the remainder of my time. Thank you very much. Thank you. Good morning. Charlotte Kaiser on behalf of the United States. May it please the Court. Judge Burns did a textbook example of how to upward vary in a case. And, in fact, while the judge had no duty under the law to indicate his intention to vary, even before he discussed the substance of the sentence, he explained not once but twice that he intended to vary. And then he explained why as to looking at the fact that the defendant was a recidivist. And, in fact, while it's not addressed directly on the record, this defendant had appeared before Judge Burns one time even before, in 2004, for a charge bargaining case of 1001. And while it was not included in the record, it is a matter of public record that for that 1001 charge, according to the information, the defendant was charged under the name. Did Judge Burns make reference to that? He did not. Do we know? I mean, I've got to tell you, I have lawyers come up to me all the time referring to my learned opinion in some case five years ago, and I've got no idea what they're talking about. That's true. We don't have any real reason to believe that Judge Burns was reacting to this prior history. I'm not sure that really matters. I was just going to bring something up just to take outside as a matter of public record. But let's focus on the record here because the fact of the matter is that the record is strong. And also bearing in mind, as the Court is well aware, this is an abuse of discretion standard. And the judge is nowhere near that standard. In fact, he's further beyond that spectrum. Now, Mr. Garcia makes whole use of this issue of cost of prosecution, cost of imprisonment. And as the Court is correct, in Tapia Romero, that was a case that dealt with the defense, which the defendant did in this case specifically say, consider giving me a lower sentence because of the cost of imprisonment. It did not necessarily say that cost of imprisonment or cost in general are a prohibitive factor. In fact, in United States Beware, a case that Mr. Garcia cites in his brief, that holds up as an example of a procedurally sound decision, this Court noted how the district judge had took into account drain of financial resources as part of a factor. And in that case, what had occurred was the defendant had set off multiple fires on state and federal lands, about 19 fires, and he was charged with arson. And when the district court imposed its sentence, one of the things the district court noted under the factor of promoting respect for the law and just punishment is that there was a drain of federal resources. And this is essentially what was occurring in this case is the fact that the defendant constantly, or what the judge essentially is referring to is that the defendant constantly keeps coming back. And none of these sentences have any deterrent effect. And the public is not being protected. So he's saying, look, there's a minor point here, but there's a drain on resources every time he comes back. Now, as to that, unless there's any other further questions the court has, we would rest on our breath. No further questions? Thank you very much. Thank you. Just briefly, I would just, to answer the Court's question about why costs are an impermissible factor, I would just point this Court to United States v. Wong, which I cited in my briefs. The judge said with regard to the money. I'm not focusing on that. It's a passing observation in response to this notion about he was coming in to get medical treatment. It just seems like you're, you know, it's a creative and interesting argument, but it seems not to really represent what was going on here. Well, he did, the record indicates he clearly did consider costs, whether it was, what weight he accorded it I think we can quibble with. But what's, I think, undisputable is costs did contribute to his analysis to impose 36 months. Tell me what would be, if he, what he meant was what I suggested. It has nothing to do with this sentence itself. It has to do with the fact that every time he comes back, and so it's part of the deterrence thing, not only is he coming back, but he's costing money. But what's wrong with that consideration? Well, as the case I was going to cite, United States v. Wong, it says the decision whether tax dollars should be paid for lengthy sentences is a congressional determination, not one to be made by federal courts. Right, but that's not what he's saying. He's not saying, he's saying I want to stop him from coming back one more time, because that's going to cost, I mean, for many reasons, including the fact that it's going to cost us money. That's not the same as saying I'm going to determine this sentence based on what it's going to cost the taxpayer. Well, I think the court was also engaged in a backward-looking analysis, not just a forward-looking analysis, that because Mr. Garcia had cost the system money, he should be given a lengthier sentence because of the prior cost. So perhaps the court was also looking at the future. Is costing more money an affirmative reason for giving a longer sentence? That seems backwards. Cost here is an issue being argued by defense counsel originally to shorten the sentence because you don't want to have the country pay the burden. And the question posed by Judge Ikuda at the beginning, this seems the reverse of that. Cost is a factor that's not being used to justify increasing the sentence. The increase is in spite of the additional costs that impose on the taxpayer. And he's recognizing the recidivism imposes its own kind of cost on the taxpayer and explaining why the defense counsel's argument is not persuasive. Well, I think the court was actually imposing costs as considering costs as a punitive thing, that Mr. Garcia had cost the system money, and because of that he was planning on, he was intending to lengthen the sentence for that reason. Okay. Thank you. Thank you very much. Very interesting argument. United States v. Garcia. Al Campo is submitted.
judges: Berzon, Clifton, Ikuta